UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE COFFEY,<br><br>                      Plaintiff,<br><br>     v.<br><br>SUSSEX COUNTY COMMUNITY COLLEGE, *et al.*,<br><br>                      Defendants. | Civil Action No. 25-1264 (JXN)(JBC)<br><br>**OPINION** |

**NEALS**, District Judge

      While attempting to serve a lawsuit, *pro se* Plaintiff Lee Coffey ("Plaintiff") punched his landlord, Kevin Shaw ("Shaw" or "Landlord"), in the face. Sussex County Community College ("College") expelled Plaintiff, Newton Township ("Newton") police arrested him, Acting Sussex County Prosecutor Jerome P. Neidhardt ("Prosecutor") indicted him, and public defender Thomas Milano ("Public Defender") briefly represented him. Plaintiff fled the state mid-trial. The jury convicted Plaintiff of third-degree aggravated assault. To date, Plaintiff has not returned to New Jersey. There is an active warrant for his arrest.

      Plaintiff, still on the run, sued his Landlord; the College, its president,[1] and an economics professor[2] ("College Defendants"); the Sussex County Board of Commissioners and its legal counsel[3] ("County Defendants"); Newton, the chief of police,[4] and several officers[5] ("Newton Defendants"); the Prosecutor; and the Public Defender (collectively, "Defendants"). (ECF No. 63.)

---

[1] Jon Connolly.
[2] Salvatore Paolucci.
[3] Douglas Steinhardt.
[4] Steven VanNieuwland.
[5] Steven Seik, Eric Soroka, and Judy Torres.

He alleges Defendants conspired to extort and blackmail international college students like him, and when he revealed the plot, Defendants worked together to harass, intimidate, and threaten him. The Public Defender, Landlord, College Defendants, County Defendants, and Prosecutor (collectively, "Moving Defendants") moved to dismiss under Federal Rules of Civil Procedure[6] 12(b)(1) and (6). (ECF Nos. 77, 80, 81, 82, 108.) Plaintiff opposed (ECF Nos. 86, 92, 96, 87, 115) and the Moving Defendants replied (ECF Nos. 88, 103, 90, 104, 121).

The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, the Moving Defendants' motions to dismiss are **GRANTED**.

**I.    BACKGROUND**

    **A.    Statement of Facts**

Plaintiff was an international student at the College. (Am. Compl. ¶ 24, ECF No. 63.) Shaw was his landlord. (*Id.* ¶ 25.) Plaintiff alleges the College and the Landlord engaged in a campaign of blackmail, coercion, extortion, fraud, and money laundering aimed at international students like him. (*Id.* ¶ 28.) Plaintiff claims that, when he tried to expose the scheme to authorities, he became the target of a sustained campaign of retaliation and death threats by the Landlord, College, Sussex County, Newton, the police, and the courts. (*See id.* ¶ 29.)

The Landlord sent Plaintiff an eviction letter in January 2021. (*Id.* ¶ 31.) Weeks later, the College removed Plaintiff from its soccer team. (*Id.* ¶ 39.) In September 2022, the College terminated Plaintiff's student visa after his GPA fell below the threshold to maintain such a visa. (*Id.* ¶ 107.) The next month, Plaintiff sued the College. (*Id.* ¶ 109.) And, in November 2022, Plaintiff sued the Landlord. (*Id.* ¶ 111.)

---

[6] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

On January 23, 2023, Plaintiff punched the Landlord in the face while attempting to serve him process. (*Id.* ¶ 115.) The next day, Newton police arrested Plaintiff (*Id.* ¶¶ 130–33), and the College expelled him shortly thereafter. (*Id.* ¶ 135.) All the while, Plaintiff claims College administrators and police sent him death threats. (*Id.* ¶¶ 165, 177, 201.)

In August, a grand jury indicted Plaintiff for third-degree aggravated assault. (*Id.* ¶ 207.) A Public Defender represented Plaintiff. (*Id.* ¶ 210.) Plaintiff sought admission to pre-trial intervention ("PTI"), but the Prosecutor denied his application. (*Id.* ¶ 218.) Dissatisfied with the result, Plaintiff represented himself going forward. (*Id.* ¶ 222.)

Plaintiff's trial began on September 16, 2024. (*Id.* ¶ 302.) By September 24, the parties finished opening statements. (*Id.* ¶¶ 337–40.) That evening, Plaintiff fled the state. (*Id.* ¶ 347.) He claims he feared for his life after receiving an anonymous voicemail stating, "let's just say [Plaintiff] won't be getting out of Sussex County in one piece." (*Id.* ¶ 343.) The next day, after Plaintiff failed to appear in court, the judge suspended the trial and issued a bench warrant for Plaintiff's arrest. (*Id.* ¶ 351.) However, on September 26, the judge resumed the trial, and on September 27, the jury found Plaintiff guilty of third-degree aggravated assault. (*Id.* ¶¶ 352–53.) Thereafter, the judge rescinded his bench warrant and issued a new one. (*Id.* ¶ 354.) Plaintiff remains at large. (*Id.* ¶ 372.)

**B.     Procedural History**

Plaintiff sued Defendants in February 2025, (Compl, ECF No. 1), and later amended his complaint (Am. Compl., ECF No. 63). The 124-page, 507-paragraph Amended Complaint alleges an elaborate, wide ranging, multi-year conspiracy to extort and blackmail international students like Plaintiff, and then harass, threaten, investigate, arrest, and prosecute Plaintiff when he "blew the whistle" on the scheme. (*See generally* Am. Compl.) The Amended Complaint includes claims

3

for violations of 42 U.S.C. §§ 1983, 1985, and 1986, *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, and a claim for intentional infliction of emotional distress. (*See* Am. Compl. ¶¶ 425–507.)

The Moving Defendants move to dismiss under Rules 12(b)(1) and (6).[7] Plaintiff opposed,[8] and the Moving Defendants replied.[9]

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"A party can move to dismiss for lack of subject matter jurisdiction at any time." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2025 WL 1742657, at *2 (D.N.J. June 23, 2025). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009)). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). In evaluating a facial attack, the Court construes the facts alleged in the complaint in a light most favorable to the non-moving party. *Id.* A factual attack asserts "there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In the case of a factual attack, the Court may look beyond the facts alleged in the pleading. *Id.*

---

[7] *See* Pub. Def. Moving Br., ECF No. 77-1; Landlord Moving Br., ECF No. 80-1; Coll. Defs.' Moving Br., ECF No. 81; Cnty. Defs.' Moving Br., ECF No. 82-1; Prosecutor Moving Br., ECF No. 108-1.
[8] *See* Opp'n to Pub. Def., ECF No. 86; Opp'n to Landlord, ECF No. 92; Opp'n to Coll. Defs., ECF No. 96; Opp'n to Cnty. Defs., ECF No. 87; Opp'n to Prosecutor, ECF No. 115.
[9] *See* Pub. Def. Reply, ECF No. 88; Landlord Reply, ECF No. 103; Coll. Defs.' Reply, ECF No. 90; Cnty Defs.' Reply, ECF No. 104; Prosecutor Reply, ECF No. 121.

**B.     Rule 12(b)(6)**

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**III.    DISCUSSION**

    **A.     Plaintiff's Fugitive Status Does Not Compel Dismissal**

Four of the five Moving Defendants argue the Court should dismiss the Amended Complaint under the fugitive disentitlement doctrine. The Court addresses this argument first.

Federal courts have the "authority to dismiss an appeal . . . if the party seeking relief is a fugitive while the matter is pending." *Lazaridis v. Wehmer*, 288 F. App'x 800, 802 (3d Cir. 2008)

(alteration in original) (quoting *Degen v. United States*, 517 U.S. 820, 824 (1996)). But fugitive status "does not automatically disqualify a criminal fugitive from maintaining a civil action in federal court." *Maydak v. U.S. Dep't of Educ.*, 150 F. App'x 136, 137 (3d Cir. 2005). Instead, the fugitive status "must have a connection to the civil action, and the dismissal must animate the concerns underlying the fugitive disentitlement doctrine." *Lazaridis*, 288 F. App'x at 802 (alteration in original) (quoting *Barnett v. YMCA, Inc.*, 268 F.3d 614, 618 (8th Cir. 2001)). Those concerns include:

> (1) risk of delay or frustration in determining the merits of the claim; (2) danger that the judgment in the civil case will be unenforceable; (3) risk of compromising the criminal prosecution by use of civil discovery mechanisms; (4) the need to redress the indignity visited upon the court by a fugitive's absence; and (5) the need to deter flight from criminal prosecution.

*Barnett*, 268 F.3d at 618.

Here, there is some nexus between Plaintiff's fugitive status and this lawsuit. Both arise from the same underlying facts. Whether this nexus is sufficient is beside the point, because dismissal does not animate the concerns underlying the doctrine. Defendants focus on the indignity Plaintiff's conduct has visited upon the courts. (*See, e.g.*, Pub. Def. Moving Br. at 12–14.) But Plaintiff's conduct is legally an affront to the dignity of New Jersey's state courts, not this Court. *See Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004), *abrogated in part on other grounds by Lance v. Dennis*, 546 U.S. 459 (2006). It does not appear, nor do Moving Defendants persuasively argue, that Plaintiff's fugitive status would delay or frustrate the merits of his claims. "If [Plaintiff's] unwillingness to appear in person results in non-compliance with a legitimate order of the court respecting pleading, discovery, the presentation of evidence, or other matters, he will be exposed to the same sanctions as any other uncooperative party." *Degen*, 517 U.S. at 827. There is no risk of compromising an ongoing criminal prosecution, as Plaintiff has already been found

guilty. Similarly, Moving Defendants do not argue judgment would be unenforceable. Deterring flight, to be sure, is an important interest. But "disentitlement is too blunt an instrument for advancing" this interest alone. *Id.* at 828.

Because dismissal, in this case, does not animate the concerns underlying fugitive disentitlement, the Court will not dismiss the Amended Complaint on this basis.

      **B.**      **The Amended Complaint Fails to State a Claim**

The Court will, however, dismiss the Amended Complaint because it fails to state a claim. As discussed in greater detail below, the Amended Complaint fails to include a short and plain statement of the claim, put Defendants on notice, or plausibly allege facts supporting relief.

      *i.*      ***The Amended Complaint is Unintelligible***

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Accordingly, prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed." *Testa v. Dep't of Justice*, No. 21-18569, 2022 WL 3362583, at *1 (D.N.J. Jan. 18, 2022) (quoting *Fisch v. Consulate Gen. of Republic of Pol.*, No. 11-04182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011)). Dismissal under Rule 8(a) is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Muhammad v. U.S. States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

This is "a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). The Court examines the "circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d

Cir. 2019). To be sure, there is "no single 'proper length' for stating a particular claim" and "[t]he level of factual detail will vary with the complexity of the claim asserted." *Id.* But a complaint's "excessive length compounded by a lack of clarity should deem it unacceptable." *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *2 (E.D. Pa. Oct. 25, 2004)

The 124-page 507-paragraph Amended Complaint is "unnecessarily complicated and verbose." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (dismissing 240-page 600-paragraph complaint). *See also Hildebrandt v. SiParadigm LLC*, No. 23-21835, 2025 WL 3776801, at *4 (D.N.J. Dec. 31, 2025) (dismissing 229-page 1,734-paragraph complaint); *Okogun v. Trs. of Princeton Univ.*, No. 23-2402, 2024 WL 1427585, at *2 (3d Cir. Apr. 3, 2024) (dismissing complaint consisting of "160 dense pages, spanning five years and discussing dozens of incidents, individuals, and seemingly unrelated observations."); *Good v. I.R.S.*, 629 F. App'x 185, 186–87 (3d Cir. 2015) (dismissing 92-page complaint with "few factual allegations."); *Parker*, 2004 WL 2384993, at *2 (dismissing 80-page, 320-paragraph complaint). Here, the complaint is not only verbose and lengthy, "it is indisputably prolix and difficult to maneuver. Neither this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought." *Testa*, 2022 WL 3362583, at *2. Accordingly, as written, the Amended Complaint fails to include a short and plain statement of the claim.[10]

### ii.     *The Amended Complaint is an Impermissible Group Pleading*

The Amended Complaint fails to put Defendants on notice of the claims against them for another reason—it is a group pleading. A complaint cannot "indiscriminately attribute wrongdoing

---

[10] In his opposition to the Public Defender's motion to dismiss, Plaintiff cites to *Garcia v. Vivial Inc.*, No. 2:20-cv-09099, 2021 WL 2434222, at *3 (D.N.J. June 15, 2021), for the proposition that prolixity alone does not warrant dismissal. (Opp'n to Pub. Def. at 22.) The Court searched for the case in Westlaw, Lexis, and PACER using the case name, database identifier, and docket number. None of those searches returned the case, leading the Court to conclude it does not exist.

to a group of defendants, leaving them to guess as to who allegedly did what." *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024) (quoting *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020)). Such a pleading does not place Defendants "on notice of the claims against each of them." *ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024) (quoting *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023)). Accordingly, courts within this Circuit regularly dismiss, as group pleadings, complaints that "fail[] to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Foulke v. Township of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891 (D.N.J. Aug. 3, 2023)). But "not every pleading that groups two defendants together constitutes an impermissible group pleading." *Kong*, 2024 WL 1640996, at *5. The question is whether the pleading is "impermissibly vague." *Id.* A pleading is impermissibly vague if it leaves Defendants and the Court to "guess who did what to whom when." *Id.* (quoting *Yu-Chin Chang*, 2020 WL 473649, at *3). A complaint is not impermissibly vague if, "when read in the context of other specific allegations, it is sufficient to put a defendant on notice that the grouped allegation is brought, at least in part, against the specific defendant." *Id.*

The Amended Complaint is textbook group pleading. None of the counts in the Amended Complaint say who did what. Instead, they each refer to Defendants as a whole. (*See* Am. Compl. ¶¶ 425–507.) This fails to put each Defendant on notice of the claims against them. For example, look no further than Plaintiffs' civil rights claims. "Careful pleading in civil rights cases is not a matter of etiquette or housekeeping; it is necessary to provide defendants with notice of the claims asserted against them and the grounds upon which each claim rests so that they can properly frame

9

an answer." *Foulke*, 2024 WL 3568841, at *12. Civil rights claims against a government entity or employee turn on the capacity in which they are sued, *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and in the case of an individual defendant, their level of personal involvement in the deprivation, *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Because Plaintiff lumps the government entities and individual Defendants together, fails to distinguish between the individual Defendants, and fails to allege the specific personal involvement of the individual Defendants under each count, Defendants cannot frame an answer.

### iii. The Amended Complaint Lacks a Plausible Factual Basis

Finally, even if the Amended Complaint put Defendants on notice of the claims against them, it lacks a plausible factual basis. The Court construes *pro se* complaints liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). And, on a motion to dismiss, the Court accepts Plaintiff's well-pleaded factual allegations as true. *Fowler*, 578 F.3d at 210. However, "[a] court need not credit as true factual allegations that are 'fantastic' or 'irrational and wholly incredible.'" *Caesar v. Megamillion Biggame Lottery*, 193 F. App'x 119, 120 (3d Cir. 2006) (quoting *Denton v. Hernandez,* 504 U.S. 25, 33 (1992)).

The factual scenario Plaintiff alleges is implausible. He claims Defendants: engaged in "a coordinated racketeering blackmail scheme, . . . abuse, extortion, retaliation, fraud, money laundering, labor trafficking, and obstruction of justice," (Am. Compl. ¶ 28); put cameras in Plaintiff's room (*id.*); amassed a private security force to harass Plaintiff (*id.* ¶ 63); concealed student suicides (*id.* ¶¶ 76–77); issued Plaintiff more than thirty summonses as means of harassment (*id.* ¶ 134); broke into Plaintiff's car and stole documents (*id.* ¶¶ 163–69); assassinated an international student (*id.* ¶ 202); manufactured a "false flag" operation to blame Plaintiff for a bomb threat (*id.* ¶ 206); suppressed video evidence (*id.* ¶ 266); and used subpoenas as a pretext for

10

large-scale intelligence gathering on community groups (*id.* ¶ 417). "Taken individually none of [these] allegations are fantastic. Rather, it is the vast power, scope, and complication of the whole alleged conspiracy . . . that make the allegations surpass all credulity." *Caesar*, 193 F. App'x at 120–21. The Court does not take these allegations as true. Without them, the Amended Complaint does not plausibly plead enough factual matter to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, the motions to dismiss filed by the Public Defender (ECF No. 77), the Landlord (ECF No. 80), the College Defendants (ECF No. 81), the County Defendants (ECF No. 82), and the Prosecutor (ECF No. 108) are **GRANTED**. The Amended Complaint (ECF No. 63) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty days to file an amended pleading that addresses the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 2/2/2026**

HONORABLE JULIEN XAVIER NEALS
United States District Judge